**KLESTADT WINTERS JURELLER
  SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Fred Stevens
Christopher J. Reilly

*Special Counsel to Plaintiff Richard E. O'Connell,
  Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re                                            :
                                                 :    Chapter 7
HERMAN SEGAL,                                    :
                                                 :    Case No. 13-45519 (NHL)
                    Debtor.                      :
----------------------------------------------------------------x
RICHARD E. O'CONNELL, as Chapter 7 Trustee       :
of the Estate of Herman Segal,                   :
                                                 :
                    Plaintiff,                   :
                                                 :
       -against-                                 :    Adv. Pro. No. 15-01149
                                                 :
JOHN HANCOCK LIFE INSURANCE                      :
COMPANY,                                         :
                                                 :
                    Defendant(s).                :
----------------------------------------------------------------x

### TRUSTEE'S MOTION FOR AN ORDER PURSUANT TO FED. R. BANKR. P. 9019 APPROVING A STIPULATION OF SETTLEMENT AND MUTUAL RELEASE BETWEEN THE TRUSTEE AND JOHN HANCOCK <u>LIFE INSURANCE COMPANY</u>

**TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:**

Richard E. O'Connell, as Chapter 7 Trustee (the "<u>Trustee</u>") for the estate of Herman

Segal (the "<u>Debtor</u>"), by his attorneys, Klestadt Winters Jureller Southard & Stevens, LLP, as

and for his motion (the "Motion") for an order, pursuant to Fed. R. Bankr. P. 9019, approving a certain stipulation (the "Stipulation") by and between the Trustee and John Hancock Life Insurance Company (the "Defendant", and together with the Trustee, the "Parties"), respectfully sets forth as follows:

## PRELIMINARY STATEMENT

The Trustee's investigation into the Debtor's financial affairs revealed certain transfers from the Debtor to or for the benefit of the Defendant totaling approximately $476,053.70 (the "Transfers"). The Trustee commenced the instant adversary proceeding on September 9, 2015 by filing a complaint (the "Complaint') seeking, among other things, the avoidance of the Transfers. After lengthy good faith negotiations and informal discovery between the Parties, the Defendant has demonstrated to Trustee's satisfaction that a majority of the Transfers were life insurance premium payments that were related to policies in which the Debtor had a direct and non-fraudulent interest or were related to life insurance benefits already paid out by the Defendant in good faith.

The Parties have reached the agreement embodied in the Stipulation which will resolve any and all potential claims the Trustee has against the Defendant subject to Court approval. Through the Stipulation (attached hereto as Exhibit A), the Defendant shall pay $12,000.00 to the Trustee. For the reasons set forth in detail below, the Trustee believes that the compromise embodied in the Stipulation is fair, reasonable and in the best interests of the Debtor's estate and its creditors. Accordingly, the Trustee respectfully requests this Court's approval of the Stipulation.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334, Administrative Order No. 264 titled "In the Matter of The Referral of Matters to the Bankruptcy Judges" of the United States District Court for the Eastern District of New York (Weinstein, C.J.), dated August 28, 1986, and Administrative Order No. 601 of the United States District Court for the Eastern District of New York (Amon, C.J.), dated December 5, 2012.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue of the case in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicate for the relief requested herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

5. On September 10, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

6. On or around the Petition Date, Richard E. O'Connell was appointed interim chapter 7 trustee of the Debtor's estate. On October 15, 2013, the Trustee presided over the first meeting of creditors in the Debtor's case and became the permanent trustee herein by operation of section 702(d) of the Bankruptcy Code.

7. As noted above, the Trustee filed the Complaint on September 9, 2015. In the Complaint, the Trustee identified $476,053.70 in Transfers from the Debtor to the Defendant as potentially avoidable fraudulent conveyances, pursuant to sections 544 and 548 of the Bankruptcy Code and/or N.Y. Debtor Creditor Law §§ 273, 274, 275 and/or 276. The Transfers are set forth below:

| Transferor | Account | Check No. | Date | Amount |
|---|---|---|---|---|
| Herman Segal | Sig *1078 | 670 | 2/14/2008 | $ 86,000.00 |
| Herman Segal | Sig *1078 | 680 | 2/22/2008 | $ 4,800.00 |

| Herman Segal | Sig *1078 | 788  | 5/13/2008  | $ 84,500.00 |
|---|---|---|---|---|
| Herman Segal | Sig *1078 | 813  | 6/20/2008  | $ 25,000.00 |
| Herman Segal | Sig *1078 | 820  | 7/3/2008   | $ 5,538.00 |
| Herman Segal | Sig *1078 | 903  | 7/24/2008  | $ 59,210.00 |
| Herman Segal | Sig *1078 | 914  | 8/28/2008  | $ 6,000.00 |
| Herman Segal | Sig *1078 | 931  | 9/30/2008  | $ 5,620.00 |
| Herman Segal | Sig *1078 | 961  | 9/30/2008  | $ 6,100.00 |
| Herman Segal | Sig *1078 | 968  | 10/31/2008 | $ 5,000.00 |
| Herman Segal | Sig *1078 | 1015 | 11/28/2008 | $ 5,000.00 |
| Herman Segal | Sig *1078 | 1034 | 12/5/2008  | $ 5,000.70 |
| Herman Segal | Sig *1078 | 1166 | 6/19/2009  | $ 5,600.00 |
| Herman Segal | Sig *1078 | 1174 | 6/26/2009  | $ 5,510.00 |
| Herman Segal | Sig *1078 | 1233 | 7/2/2009   | $ 10,000.00 |
| Herman Segal | Sig *1078 | 1244 | 10/1/2009  | $ 24,750.00 |
| Herman Segal | Sig *1078 | 1310 | 11/2/2009  | $ 6,000.00 |
| Herman Segal | Sig *1078 | 1351 | 11/18/2009 | $ 2,300.00 |
| Herman Segal | Sig *1078 | 1245 | 12/1/2009  | $ 7,200.00 |
| Herman Segal | Sig *1078 | 1402 | 1/31/2010  | $ 18,400.00 |
| Herman Segal | Sig *1078 | 1421 | 3/1/2010   | $ 6,500.00 |
| Herman Segal | Sig *1078 | 1470 | 4/30/2010  | $ 21,700.00 |
| Herman Segal | Sig *1078 | 1614 | 11/9/2010  | $ 28,225.00 |
| Herman Segal | Sig *1078 | 1628 | 12/2/2010  | $ 25,500.00 |
| Herman Segal | Sig *1078 | 1558 | 1/12/2011  | $ 16,600.00 |
|   |   |   | **TOTAL** | **$476,053.70** |

8. The Defendant contends that the Transfers are subject to certain defenses including an assertion that many of the Transfers were made as premium payments for insurance policies the Debtor had a non-fraudulent interest in.

## THE STIPULATION

9. The Stipulation is a result of good faith and arms' length negotiations between the Parties seeking to resolve any and all issues related to the Transfers. By way of summary, the Stipulation between the Parties provides for the following[1]:

➢ <u>Approval of Agreement</u>. This Agreement between the Parties is subject in all respects to the approval of the Bankruptcy Court evidenced by the entry of a written order or the "So Ordering" of the Stipulation (an "<u>Approval Order</u>"). The Trustee shall file a motion seeking an Approval Order by no later than thirty (30) days of the signing of this Agreement.

➢ <u>Payment and Delivery</u>. No later than ten (10) days following the entry of the Approval Order, Defendant shall pay to the Trustee the sum of <u>$12,000.00</u> (the "<u>Settlement Payment</u>"), by delivering a check to the undersigned counsel to the Trustee and made payable to "Richard E. O'Connell, Chapter 7 Trustee".

➢ <u>Trustee Release of Claims.</u> Other than with respect to the Settlement Payment, the Trustee on behalf of himself and the Debtor's estate hereby fully, unconditionally and forever waives and releases any and all actions, claims, causes of action, suits, debts, sums of money, accounts, reckonings, controversies, agreements, demands, rights and remedies whatsoever it has or had, known or unknown, from the beginning of the world to the last date on which this Agreement was executed by the Parties, including without limitation all claims brought or that could have been brought in, through or by way of the Complaint, or any amendment thereto, against Defendant, its parents, subsidiaries, affiliates, stockholders, principals, officers, directors, employees, agents, representatives, attorneys, successors, heirs and assigns, with respect to the Debtor or the subject matter of the Complaint.

➢ <u>Defendant Release of Claims.</u> The Defendant hereby fully, unconditionally and forever waives and releases any and all actions, claims, causes of action, suits, debts, sums of money, accounts, reckonings, controversies, agreements, demands, rights and remedies whatsoever it has or had, known or unknown, from the beginning of the world to the last date on which this Agreement was executed by the Parties, against Trustee or the Debtor's estate.

## RELIEF REQUESTED

10. By this Motion, the Trustee seeks this Court's approval of the Stipulation, and asserts that the terms, conditions, and compromises contained therein are fair and reasonable under the circumstances, and that approval of the Stipulation is in the best interest of the estate

---

[1] For ease of reference, the Trustee has included a summary of the terms of the Stipulation here. Parties are encouraged to review the entire Stipulation in its entirety and not rely on the summary set forth herein. To the extent there is any express or implied conflict between the terms of the Stipulation and the description contained herein, the terms of the Stipulation shall control.

and its creditors.

11. Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). In ruling on a motion pursuant to Bankruptcy Rule 9019(a), the court must find that the proposed settlement is fair and equitable and is in the best interests of the estate. Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968); Fischer v. Pereira (In re 47-49 Charles Street, Inc.), 209 B.R. 618, 620 (S.D.N.Y. 1997); In re Ionosphere Clubs, Inc., 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd 17 F.3d 600 (2d Cir. 1994); In re Fugazy, 150 B.R. 103 (Bankr. S.D.N.Y. 1993).

12. In order to reach such a decision, the Court must be apprised "of all facts necessary for an intelligent and objective opinion" of whether the claim will be successful, the likely expense, length and the degree of complexity of the litigation, the potential difficulties of collecting on a judgment "and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." TMT Trailer Ferry, 390 U.S. at 424.

13. To constitute a fair and equitable compromise or settlement, the Court must find that the settlement does not "fall below the lowest point in the range of reasonableness." Cosoff v. Rodman (In re W.T. Grant Co)., 699 F.2d 599, 608 (2d Cir. 1983); In re Drexel Burnham Lambert Group, Inc., 138 B.R. 723, 758-59 (Bankr. S.D.N.Y. 1992); In re Int'l Distribution Centers, Inc., 103 B.R. 420, 423 (Bankr. S.D.N.Y. 1989).

14. The Court should also consider the fair and reasonable course of action for the debtor's estate, with the limited available assets, giving consideration to the interests of creditors and the avoidance of burdening the estate with undue waste or needless or fruitless litigation. In re Del Grosso, 106 B.R. 165, 167-168 (Bankr. N.D. Ill. 1989); see also In re Culmtech, Ltd., 118

and its creditors.

11. Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). In ruling on a motion pursuant to Bankruptcy Rule 9019(a), the court must find that the proposed settlement is fair and equitable and is in the best interests of the estate. Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968); Fischer v. Pereira (In re 47-49 Charles Street, Inc.), 209 B.R. 618, 620 (S.D.N.Y. 1997); In re Ionosphere Clubs, Inc., 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd 17 F.3d 600 (2d Cir. 1994); In re Fugazy, 150 B.R. 103 (Bankr. S.D.N.Y. 1993).

12. In order to reach such a decision, the Court must be apprised "of all facts necessary for an intelligent and objective opinion" of whether the claim will be successful, the likely expense, length and the degree of complexity of the litigation, the potential difficulties of collecting on a judgment "and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." TMT Trailer Ferry, 390 U.S. at 424.

13. To constitute a fair and equitable compromise or settlement, the Court must find that the settlement does not "fall below the lowest point in the range of reasonableness." Cosoff v. Rodman (In re W.T. Grant Co)., 699 F.2d 599, 608 (2d Cir. 1983); In re Drexel Burnham Lambert Group, Inc., 138 B.R. 723, 758-59 (Bankr. S.D.N.Y. 1992); In re Int'l Distribution Centers, Inc., 103 B.R. 420, 423 (Bankr. S.D.N.Y. 1989).

14. The Court should also consider the fair and reasonable course of action for the debtor's estate, with the limited available assets, giving consideration to the interests of creditors and the avoidance of burdening the estate with undue waste or needless or fruitless litigation. In re Del Grosso, 106 B.R. 165, 167-168 (Bankr. N.D. Ill. 1989); see also In re Culmtech, Ltd., 118

B.R. 237, 238 (Bankr. M.D. Pa. 1990); In re Lawrence & Erausguin, Inc., 124 B.R. 37, 38 (Bankr. N.D. Ohio 1990); In re Bell & Beckwith, 93 B.R. 569, 574-75 (Bankr. N.D. Ohio 1988).

15.     The Court is not required conclusively to determine the merits of a claim subject to compromise or to find that a proposed settlement constitutes the best results obtainable to ensure that the settlement reaches the threshold of reasonableness.  Instead, the Court should "canvass the issues" to determine whether the proposed settlement is fair and equitable, is in the best interests of the estate and otherwise does not fall outside the range of reasonableness. In re Apex Oil Co., 92 B.R. 847, 867 (Bankr. E.D. Mo. 1988).

16.     Here, numerous factors were considered by the Trustee in determining that entry into the Stipulation was in the best interests of the estate.

17.     First, the Trustee analyzed the circumstances under which the Transfers occurred and considered the probabilities of success in the commenced lawsuit.  During negotiations, counsel for the Defendant discovered that many of the Transfers were made on life insurance policies where the Debtor had a definite insurable interest in the insured (his mother). Additionally, the Defendant informed the Trustee that it had made good faith payments of life insurance benefits that were related to a large portion of the Transfers.  The Trustee believes that the Defendant would be likely to prevail in its defenses at least with respect to a majority of the Transfers.

18.     Second, the Trustee considered the expenses associated with litigation.  The Trustee is cognizant that every dollar incurred by the Trustee in prosecuting the Transfers will reduce the pool of money available to the Debtor's creditors.  It is in the best interests of creditors and the estate to resolve all the issues related to the Transfers as quickly and expeditiously as possible.  The Stipulation accomplishes that.

19. Third, the Trustee considered that he will have substantial difficulty proving that the Defendant actually received certain of the alleged Transfers. The Defendant claims that certain of the Transfers were in fact never received, which is difficult to determine from the banking records that the Trustee has obtained. Further, the Trustee has the burden of proving insolvency from a time when the Debtor's books and records are limited and difficult to decipher.

20. For all the foregoing reasons, the Trustee believes that the Stipulation is fair, reasonable and in the best interests of the estate and creditors. Accordingly, the Trustee respectfully requests that this Court approve the Stipulation.

## NOTICE

21. Notice of this Motion will be given in accordance with Bankruptcy Rule 2002. The Trustee submits that such notice constitutes good and sufficient notice and that no other or further notice need be given.

## NO PRIOR REQUEST

22. No previous application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, substantially in the form of the proposed order annexed hereto as **Exhibit B**, and for such other and further relief as the Court determines to be just and proper.

Dated:  New York, New York
        October 10, 2016

                **KLESTADT WINTERS JURELLER**
                  **SOUTHARD & STEVENS, LLP**

By:  */s/ Fred Stevens*
     Fred Stevens
     Christopher Reilly
     200 West 41st Street, 17th Floor
     New York, New York 10036
     Tel: (212) 972-3000
     Fax: (212) 972-2245
     Email: fstevens@klestadt.com

     *Special Litigation Counsel to Richard E.*
     *O'Connell, Chapter 7 Trustee*